**Opinion issued November 21, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-11-00573-CR

————————

## MONSURAT ADETORO OGUNLANA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 434th District Court
Fort Bend County, Texas
Trial Court Cause No. 07-DCR-047443

## MEMORANDUM OPINION

A jury convicted Monsurat Ogunlana of fraudulent use or possession of

identifying information, and the trial court assessed punishment at two years'

confinement, which it probated to three years. *See* Tex. Penal Code Ann. § 32.51(b) (West Supp. 2012). Ogunlana challenges the legal and factual sufficiency of the evidence, specifically contending that no evidence produced shows that she fraudulently used or possessed the identifying information. We affirm.

## Background

In September 2006, Ogunlana called Dell Inc. to purchase two computers for her home business. During that call, she gave her correct name, address, telephone number, and tax identification number to the sales agent, Traci Tucker, who filled out an inquiry for a quote. However, Dell never created an actual order with this information for a purchase.

On the same day, Dell employee Traci Tucker opened another account in the name of Roger Lochridge. This account included Lochridge's name and address for purposes of opening a business financing account. When Dell received a subsequent purchase order for two computers under Lochridge's financing information, the account indicated that the computers would be shipped to Ogunlana's address and named Ogunlana as administrator of the account. Dell sent the bills to Lochridge.

The State produced evidence in the form of Dell's account documents and testimony of Officer Williams, the investigating law enforcement officer and a

Dell fraud investigator. The documents included the packing lists, shipped with the computers received by Ogunlana, which showed Lochridge's name and address under the "bill to" section and Ogunlana's address under the "ship to" section.

The State also produced records from Dell's call center containing telephone logs for calls made about the Lochridge/Ogunlana accounts. Shortly after she received the two computers, Ogunlana called Dell and made arrangements to return one of them. The notes regarding this call do not mention a request to remove Lochridge as the financially responsible party for the account. But, in December 2006—several days after Officer Williams, approached Ogunlana on the pretext of investigating a different matter—Dell's records show that Ogunlana called to remove Lochridge's name.

Rebecca Rocha, a fraud investigator and Dell's custodian of records, testified to Dell's general policies and practices and to certain aspects of Dell's computer systems. She explained that when a caller applies for business credit, they provide a name and address. The company then sends that information to the credit bureau for approval, which responds immediately. Rocha admitted that mistakes in credit profiles occur, but they are generally the fault of the credit bureau, not the caller or employee. Furthermore, similar names, business names, or addresses usually trigger those mistakes. Ogunlana and Lochridge do not share any similar identifying information.

3

Rocha testified that a sales associate manually types in the fields for the credit application. Because of privacy concerns, the computer system that controls the credit application information is not the same system that houses other client information, and thus, it does not automatically complete the application's fields with previously obtained account information. Rocha further explained that, according to company procedure, a sales associate must verify the information by phone before sending it to the credit bureau. Rocha conceded, however, that she had no personal knowledge of what transpired during the Ogunlana transaction.

Ogunlana testified in her defense. She told the jury that she called Dell only once, on the day she ordered the computers. During that call, she provided her personal information; she believed that she had placed a complete order for the two computers. When the computers arrived, Ogunlana called sales agent Tucker on her direct line and told her that Lochridge's name had appeared on the packing list. Ogunlana recounted that Tucker told her the information would be changed before she received her bill. Ogunlana next told Tucker that she did not need the second computer, so Tucker transferred Ogunlana to speak to someone in a different department. Ogunlana later returned the second computer, explaining that it was too costly for her new business.

Ogunlana was not concerned that she had not received a bill by December, because she thought she had ninety days to pay rather than the sixty days that was indicated on the contract. According to Ogunlana, Tucker explained that she would have ninety days to pay the balance. Ogunlana testified that after speaking to Officer Williams, she called Dell in December to verify that Dell had received the returned computer, confirm that she had been credited for it, inquire about her bill, and request that Dell remove Lochridge's name from the account.

Both Lochridge and Ogunlana had previously purchased computers through Dell, and Dell maintained computer records for each of them. Lochridge paid for the computers he purchased by credit card; he did not use a business financing account. Dell's telephone records show that Lochridge called Dell to dispute the charges associated with Ogunlana's transaction when he received the bill in September 2006. Ogunlana never paid Dell for the computer that she retained.

## Evidentiary Sufficiency

### *Standard of Review*

We review evidentiary sufficiency challenges under the *Jackson* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a

reasonable doubt.") (referring to *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970*)*; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Viewed in the light most favorable to the verdict, the evidence is insufficient when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750. This standard applies equally to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Ervin v. State*, 331 S.W. 3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

We do not weigh any evidence or evaluate the credibility of any witnesses, as this was the function of the fact finder. *Williams*, 235 S.W.3d at 750. Instead, we determine whether both the explicit and implicit findings of the fact finder are

6

rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

*Analysis*

Ogunlana claims that the evidence is insufficient to prove that she fraudulently used or possessed identifying information, because no evidence exists that Ogunlana ever obtained or possessed Lochridge's identifying information. A person is guilty of fraudulent use or possession of identifying information "if the person. with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent." TEX. PENAL CODE ANN § 32.51(b)(1). "Identifying information" includes, among other things, an individual's name, social security number, date of birth, government-issued identification number, and telecommunications identifying information or access device. *See id.* § 32.51(a)(1). Although the statute lists four types of illegal conduct—"obtain[ing], possess[ing], transfer[ring], or us[ing]"—it defines only "possession." *See id.* § 1.07(a)(39) (defining "possession" as "actual care, custody, control, or management"). In construing the rest, we apply their everyday usage. *Clinton v. State*, 354 S.W. 3d 795, 800, 801 n.4 (Tex. Crim. App. 2011).

The State alleged that Ogunlana "obtain[ed], possess[ed], or use[d]" Lochridge's information with the intent to harm or defraud another. Ogunlana

7

correctly points out the lack of evidence to support a finding that Ogunlana either obtained or possessed the information. The State did not provide any direct evidence that Ogunlana supplied Lochridge's name to Dell in connection with her order. Rocha, the Dell fraud investigator, could not confirm that Ogunlana was the person who provided Lochridge's information. We conclude, however, that the State provided sufficient evidence such that a reasonable jury could determine that Ogunlana "used" Lochridge's information without his consent when she ordered a computer, did not pay for it, and did not attempt to correct Dell's billing error within the time period for payment.

Applying the ordinary meaning of "use" as "to avail oneself of" or "apply to one's own purposes," the record contains evidence that supports a finding that Ogunlana used Lochridge's information without his consent. *See Clinton v. State*, 354 S.W.3d 795, 801 (Tex. Crim. App. 2011) (consulting Webster's Third New International Dictionary and observing that the word "'use' is "susceptible to multiple interpretations"). Ogunlana took no action when she discovered Lochridge's name as the person financially responsible for the computers on the packing list that accompanied her order. She accepted one of the computers without inquiring as to billing within the sixty-day window for payment. She never paid for the computer. A jury reasonably could have concluded the type of inaction shown here—that is, failure to correct a false impression of law or fact—

constitutes criminal use of the information. *See, e.g.*, TEX. PENAL CODE ANN. § 31.01(2)(B) (West Supp. 2012) ("'Deception' means failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true").

The State demonstrated that Ogunlana did not ask Dell to remove Lochridge's name from the account until after an officer spoke to Ogunlana regarding the returned computer. Other calls made to Dell were appropriately documented according to Dell's policy. Viewed together with the fact that she made no attempt to pay for the computer she kept, this evidence creates a reasonable inference that Ogunlana accepted the computers aware that she was using Lochridge's account information. The jury reasonably could have rejected Ogunlana's testimony that she phoned Tucker to correct the error, given that no record of that conversation appeared in Dell's telephone logs. *See Adelman*, 828 S.W.2d at 421–22 (appellate courts must defer to jury in resolving conflicting evidence and in choosing to accept or deny different versions of facts). We hold that a rational jury could find beyond a reasonable doubt that Ogunlana used Lochridge's name for the purpose of using his credit to defraud him or Dell.

## Conclusion

We hold that legally sufficient evidence supports the jury's finding of fraudulent use or possession of identifying information. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).